UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

------------------------------------------------------------------------x
**DEEP GREEN WIRELESS LLC,**

                              *Plaintiff*,

                    v.

**OOMA, INC.,**

                             *Defendant*.

------------------------------------------------------------------------x

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Deep Green Wireless LLC ("Deep Green" or "Plaintiff") by and for its complaint of patent infringement in this matter, hereby alleges through its attorneys as follows:

### Nature of the Action

This is an action for patent infringement of United States Patent *No.* RE42,714 (the "'714 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

### The Parties

1. Plaintiff Deep Green is a Delaware limited liability company with its principal place of business at 990 Biscayne Blvd. Suite 503, Miami, Florida 33132.

2. Upon information and belief, Defendant Ooma, Inc. ("Ooma" or "Defendant") is a Delaware corporation with a principal place of business at 1880 Embarcadero Rd., Palo Alto, CA

94303.

## Jurisdiction and Venue

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code §1, *et. seq.*, §§ 271, 281, and 284 - 85, among others.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of a United States patent.

5. This court has personal jurisdiction over Defendant. Upon information and belief, Defendant either directly or indirectly through one or more of its subsidiaries, affiliates, partners, or other related parties, has conducted and/or continues to conduct business within the State of Texas, including in this Judicial District. Upon information and belief, Defendant has committed and continues to commit acts of infringement in the United States, the State of Texas and this Judicial District by, among other things, making, using, importing, offering for sale, and/or selling products that infringe the '714 Patent.

6. Defendant is subject to this Court's specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to at least its substantial business in this forum, which is either conducted directly and/or through intermediaries. Such substantial business includes: (i) committing at least a portion of the infringements alleged herein, including using, distributing, importing, making, offering for sale, selling, and/or marketing, supporting and advertising of its infringing products in Texas and in this Judicial District, and (ii) regularly doing or soliciting business in the State of Texas and in this Judicial District, engaging in other persistent courses of conduct in this Judicial District including maintaining continuous and systematic contacts in Texas and in this Judicial District, purposefully availing itself of the privileges of doing business

in Texas and in this Judicial District, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7. The exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this Judicial District, and Defendant has transacted business and has committed and continues to commit acts of patent infringement in this Judicial District, entitling Deep Green to relief. For example, upon information and belief, Defendant has made, used, sold, offered for sale, and/or imported infringing products in this Judicial District.

### The Patent-In-Suit

9. On September 20, 2011, the '714 Patent, entitled "Apparatus for Voice Communications over Wired and Wireless Networks," was duly and legally issued by the United States Patent and Trademark Office. Phillip M. DeLaine, Jr. is the named inventor listed on the face of the '714 Patent. The '714 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. A true and correct copy of the '714 Patent is attached hereto as Exhibit A.

10. Deep Green is the owner by assignment of the '714 Patent. Deep Green holds all rights, title, and interest in the '714 Patent, including the right to collect and receive damages for past, present, and future infringements. The named inventor, Phillip M. DeLaine, Jr. is a member and Chief Technologist of Deep Green.

11. Generally, the '714 Patent is directed to products that manage voice communication from multiple devices over land lines and wireless networks. Prior to the

inventions set forth in the '714 Patent, each piece of home or small office communications equipment typically required its own individual analog phone line. That required substantial subscription expenses, including expenses associated with maintaining multiple phone lines – a separate line for each individual piece of communication equipment. It further necessitated complicated wiring for each individual piece of equipment. While certain devices allowed more than one piece of equipment to connect to a single phone line, those devices did not permit more than one piece of equipment to use the line simultaneously. In 1999, Mr. DeLaine addressed and solved these problems by inventing an all-in-one switch that used a single digital network interface for both data and voice connection and additionally provided wired, wireless data and voice connectivity to any number of devices. The claimed apparatus avoids the technical problems associated with the prior art approach and simplifies the setup of all connected devices. It further provides various technical benefits including that it allows multiple devices to communicate with each other and share a digital connection to the outside world.

12. The use of the patented technology is now widespread in the telecommunication industry, including its use in small cells (*e.g.*, femtocells) and IP-DECT phone products.

13. On information and belief, at least Defendant's currently-available IP-DECT base station products (*e.g.*, Ooma Telo Free Home Phone Service product, Ooma Office product), use the teachings, the inventions and the technology of the '714 Patent.

**COUNT I:  INFRINGEMENT OF THE '714 PATENT BY DEFENDANT**

14. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 13 as if set forth here in full.

15. Defendant is not licensed under the '714 Patent, yet Defendant knowingly, actively, and lucratively practices the claimed inventions of the '714 Patent.

16. Upon information and belief, Defendant has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '714 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States and its Territories, without license or authority, products that manage voice communication from multiple devices over land lines and wireless networks, including Defendant's IP-DECT base station products (*e.g.*, Ooma Telo Free Home Phone Service product, Ooma Office product), and any such reasonably similar products) (the "Accused Products"), and is thus liable to Deep Green pursuant to 35 U.S.C. § 271. Defendant's direct infringement includes, without limitation, making, using, offering to sell, and/or selling within the United States, and/or importing into the United States and its Territories the apparatus of at least claim 53 of the '714 Patent.

17. Defendant is therefore liable for direct infringement of the '714 Patent pursuant to 35 U.S.C. § 271(a).

18. As a result of Defendant's unlawful infringement of the '714 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial. Plaintiff is entitled to recover from Defendant the damages adequate to compensate for such infringement, in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284, which have yet to be determined. The full measure of damages sustained as a result of Defendant's wrongful acts will be proven at trial.

19. Upon information and belief, Defendant will continue to infringe Plaintiff's exclusive rights under the '714 Patent, and will continue to damage Deep Green, causing irreparable harm, unless and until it is enjoined by this Court.

20. Plaintiff is entitled to pre-suit damages, and is not barred from pre-suit damages by 35 U.S.C. § 287.

21. By letter dated August 19, 2015, to Spencer Jackson, Vice President and General Counsel of Defendant, Kathlene Ingham of General Patent Corporation, representing Deep Green, notified Defendant of the existence of the '714 Patent and Defendant's ability to secure a license under the '714 Patent ("August 19, 2015 Letter").

22. Ms. Ingham sent follow up letters to Mr. Jackson on October 14, 2015, February 11, 2016 and April 27, 2016.

23. Defendant has been on actual notice of the '714 Patent since at least August 2015.

24. Despite having learned of the '714 Patent and the technology it covers from Deep Green at least as early as on or about August 19, 2015, Defendant has not ceased its infringing activities.  Defendant has infringed and continues to infringe despite an objectively high likelihood that its actions constitute infringement of Deep Green's valid patent rights.  This objectively high likelihood was known to Defendant, or was so obvious that Defendant should have known of this objectively high risk of infringement.  Despite knowing that its actions constituted infringement of the '714 Patent and/or despite knowing that there was a high likelihood that its actions constituted infringement of that patent, Defendant nevertheless continued its infringing actions.

25. Thus, Defendant's infringement of the '714 Patent, which is entitled to statutory presumption of validity under 35 U.S.C. § 282, has been and continues to be deliberate and

willful, at least since its receipt of the August 19, 2015 Letter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deep Green prays for judgment and respectfully requests that this Court enter judgment in its favor and that the Court grant Plaintiff the relief as follows:

A.  Judgment that Defendant has infringed and/or continues to infringe one or more claims of the '714 Patent, literally and/or under the doctrine of equivalents;

B.  Judgment that such infringement has been willful;

C.  Holding that the '714 Patent is not invalid and not unenforceable;

D.  A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '714 Patent;

E.  Award to Plaintiff of the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement, including compensatory damages, and the trebling of such damages due to the willful nature of the infringement;

F.  Judgment that this case is exceptional pursuant to 35 U.S.C. §285 and awarding Plaintiff its attorneys' fees, costs and treble damages;

G.  Award to Plaintiff of all costs (including all disbursements) and expenses in this action;

H.  Award to Plaintiff of pre- and post-judgment interest on its damages; and

I.  Award to Plaintiff of such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

Dated: June 8, 2016  Respectfully submitted,

By: /s/ Elizabeth L. DeRieux
Elizabeth L DeRieux (Bar No. 05770585)
CAPSHAW DERIEUX, LLP
114 E. Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

Mark Raskin
Robert Whitman
Charles Wizenfeld
MISHCON DE REYA NEW YORK LLP
Two Park Avenue, 20th Floor
New York, NY 10016
Telephone (212) 612-3270
Facsimile (212) 612-3297
mark.raskin@mishcon.com
robert.whitman@mishcon.com
charles.wizenfeld@mishcon.com

*Attorneys for Plaintiff*
*Deep Green Wireless LLC*